IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | | |
|---|---|---|
| KEITH DOYLE, | ) | Cause No. CV 12-39-BU-DLC-CSO |
| Petitioner, | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| STATE OF MONTANA, | ) | |
| Respondent. | ) | |

On June 14, 2012, this Court received a document titled "Petition for Certificate of Appeal." Petitioner Keith Doyle submitted the document to the Ninth Circuit Court of Appeals, but the appellate court forwarded it to this Court. It has been filed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doyle is a state prisoner proceeding pro se. Although he did not pay the $5.00 filing fee or move to proceed in forma pauperis, there is no need to delay resolution of this case.

Doyle filed a petition for writ of habeas corpus in this Court in 2009, seeking relief against a 2005 conviction for deliberate homicide. The petition was denied. A

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

certificate of appealability was granted on Doyle's speedy trial issue and denied as to his other issues. *See generally Doyle v. O'Fallon*, No. CV 09-58-BU-RFC-CSO (D. Mont. judgment entered March 16, 2010). Counsel was appointed to represent Doyle on appeal. The appellate court's docket shows that he did not move to expand the certificate of appealability. On December 28, 2011, the Court of Appeals affirmed the denial of relief. *Doyle v. Law*, No. 10-35330 (9th Cir. Dec. 28, 2011) (unpublished mem. disp.). On May 14, 2012, the United States Supreme Court denied Doyle's petition for writ of *certiorari*. *Doyle v. Law*, No. 11-9645 (U.S. May 14, 2012).

Doyle now seeks a certificate of appealability on the four uncertified issues in his first petition. He also seeks to raise four new issues that he did not raise in his first petition. Pet. for Cert. of Appeal at 1-2. Because he seeks to raise new issues, the petition was filed as a new petition. It will be construed as raising some claims that were presented in a prior application and some claims that were not. 28 U.S.C. § 2244(b)(1), (2).

28 U.S.C. § 2244(b)(1) requires dismissal as to the four issues already litigated in federal habeas. As to the four new claims, a district court lacks jurisdiction even to consider a second or successive challenge to a conviction unless the Court of Appeals authorizes it to do so. 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Doyle's second petition should be dismissed in

its entirety.

Because one of Doyle's previously-presented claims, regarding mistrial, was dismissed with prejudice as procedurally defaulted, it might be characterized as a motion to reopen proceedings on the first petition under Fed. R. Civ. P. 60(b).[1] *Gonzalez v. Crosby*, 545 U.S. 524, 534-35 (2005). But Doyle offers no justification for his failure to move to expand the certificate of appealability at the time of his appeal and no "extraordinary circumstances." *Id.* at 535. Were the claim severed and addressed as a Rule 60(b) motion under the cause number of the first petition, therefore, it would be denied.

A certificate of appealability in this matter is not warranted. Doyle's own counsel in his first appeal did not believe the uncertified issues met the relatively low threshold for certification. Further, there is no doubt that new issues constitute a new petition and require pre-filing authorization from the Court of Appeals.

Because Doyle's document was forwarded to this Court from the Court of Appeals, transfer of the petition to the Court of Appeals is not in the interests of

---

[1] Three of the uncertified issues were denied for lack of merit. One was procedurally defaulted. Doyle had an opportunity to excuse the default, but his only response was that he thought he had raised a federal issue when he asserted judicial misconduct. Because his mistake did not constitute cause, the fifth issue was procedurally barred. *See* Orders Adopting Findings and Recommendations (docs. 20, 21), *Doyle*, No. CV 09-58-BU.

justice. 28 U.S.C. §§ 1631, 2244(b).

Based on the foregoing, the Court enters the following:

**ORDER**

The Clerk of Court shall WAIVE payment of the filing fee.

The Court also enters the following:

**RECOMMENDATION**

1. The Petition (doc. 1) should be DISMISSED.

2. A certificate of appealability should be DENIED.

3. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Doyle may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Doyle files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in

objection to this Findings and Recommendation may preclude Doyle from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Doyle is cautioned that he must immediately inform the Court of any change in his mailing address. Failure to do so may result in dismissal of this case without notice to him.

DATED this 20th day of June, 2012.

/s/ *Carolyn S. Ostby*
Carolyn S. Ostby
United States Magistrate Judge